UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DINA SCHMAHL )<br>    Plaintiff )<br> )<br>v. )<br> )<br>MIDLAND FUNDING, LLC & )<br>BANK OF AMERICA, N.A. )<br>    Defendants )<br>_____ ) | CIVIL ACTION<br><br>COMPLAINT<br><br><br><br><br><br>JULY 9, 2010 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer whose rights were violated by the named defendants in the course of attempting to collect a debt from her. This action is for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and for pendent Connecticut law violations of the Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645 and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*

### II. PARTIES

2. Plaintiff, Dina Schmahl, is a consumer residing in Shelton, Connecticut.

3. Defendant Midland Funding, LLC ("Midland") is a Delaware limited liability company that is in the business of purchasing and collecting delinquent debts and is a debt collector as defined by FDCPA § 1692a(6).

4. Defendant Bank of America, N.A. ("Bank of America") is a National Bank that provides personal banking services to consumers in Connecticut.

### III. JURISDICTION

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. §1692k(d), 28 U.S.C. §§ 1331, and 1337, and Fed. R. Civ. P. 18(a).

6. This Court has jurisdiction over the defendants because they conduct business within Connecticut.

7. Venue in this Court is proper, as the Plaintiff is a resident and the acts complained of occurred in this state.

### IV. FACTUAL ALLEGATIONS

8. Plaintiff accrued a debt ("the Debt") on a credit card account with Texaco.

9. Midland subsequently purchased and began attempting to collect the Debt from Plaintiff.

10. On or around May 21, 2009, Midland filed a small claims suit against Plaintiff and subsequently obtained a judgment on the Debt on July 29, 2009; at that time, Plaintiff was not aware that a suit had been filed and that a default judgment had been entered against her.

11. Midland subsequently served Bank of America with a writ of garnishment to withdraw money from Plaintiff's bank account with Bank of America.

12. Although the funds contained in Plaintiff's Bank of America account were consisted entirely of Social Security benefits and were exempt from garnishment under Connecticut law, Bank of America never sent Plaintiff any notice regarding its receipt of the writ of garnishment from Midland and Plaintiff's right to declare exemptions, and therefore Plaintiff was unable to declare those funds exempt, as allowed for under Connecticut law.

13. Midland obtained exempt funds from Plaintiff's bank account on or around March 23, 2010 and has refused to return them despite demand.

## V. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.
### (As to Midland only)

14. Plaintiff incorporates Paragraphs 1-13.

15. Midland violated FDCPA § 1692f by wrongly, unfairly, and deceptively collecting from Plaintiff exempt funds and refusing to return those funds to her account despite prior demand.

16. Midland violated FDCPA § 1692d by engaging in conduct as described above, the natural consequence of which was to harass, oppress, or abuse the plaintiff.

17. Midland violated FDCPA § 1692f by using unfair or unconscionable means to attempt to collect the debt as described above.

18. For Midland's violations of the Fair Debt Collection Practices Act as described above, the Plaintiff is entitled to recover her actual damages, statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

### SECOND CAUSE OF ACTION
### Violations of Creditor Collection Practices Act, Conn. Gen. Stat. § 36a-645
### (As to Midland only)

19. Plaintiff incorporates Paragraphs 1-13.

20. Midland violated Conn. Agencies Reg. § 36a-647-5 by wrongly, unfairly, and deceptively collecting from Plaintiff exempt funds.

21. Midland violated Conn. Agencies Reg. § 36a-647-6 by using deceptive practices as described above.

22. For Midland's violations of the Creditor Collection Practices Act as described above, the Plaintiff is entitled to recover her actual damages, statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to Public Act No. 07-176.

### THIRD CAUSE OF ACTION
### Violations of the Connecticut Unfair Trade Practices Act,
### Conn. Gen. Stat. § 42-110a *et seq.*
### (As to Midland only)

23. Plaintiff incorporates Paragraphs 1-13.

24. Midland violated CUTPA by its unfair and deceptive collection activities, as described above.

25. Plaintiff suffered an ascertainable loss as a result of Midland's conduct.

26. Midland's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous as such to cause substantial injury to consumers.

27. For Midland's violations of CUTPA, Plaintiff is entitled to recover her actual damages, punitive damages, and reasonable attorney's fees pursuant to Conn. Gen. Stat. 42-110g.

### FOURTH CAUSE OF ACTION
### Violations of the Connecticut Unfair Trade Practices Act,
### Conn. Gen. Stat. § 42-110a *et seq.*
### (As to Bank of America only)

28. Plaintiff incorporates Paragraphs 1-13.

29. Despite repeatedly promising Plaintiff that it would do so, Bank of America has not provided Plaintiff with a copy of any exemption notice.

4

30. Bank of America violated CUTPA by improperly releasing Plaintiff's exempt funds and failing to provide Plaintiff with the right to exemption notice required by Connecticut law.

31. Plaintiff suffered an ascertainable loss as a result of Bank of America's conduct described above.

32. Bank of America's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous as such to cause substantial injury to consumers.

33. For Bank of America's violations of CUTPA, Plaintiff is entitled to recover her actual damages, punitive damages, and reasonable attorney's fees pursuant to Conn. Gen. Stat. 42-110g.

WHEREFORE, the Plaintiff seeks recovery of monetary damages pursuant to 15 U.S.C. § 1692k, Public Act No. 07-176, and C.G.S. 42-110g; statutory damages pursuant to 15 U.S.C. § 1692k and Public Act No. 07-176; attorney's fees and costs pursuant to 15 U.S.C. § 1692k, Public Act No. 07-176, and C.G.S. 42-110g; punitive damages pursuant to 42-110g; and such other relief as this Court deems appropriate.

PLAINTIFF, DINA SCHMAHL

By: _____
Daniel S. Blinn, ct02188
Matthew W. Graeber, ct 27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax. (860) 571-7457